UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZIONS FIRST NATIONAL BANK,

    Plaintiff,

Case No. 08-10528

v.

Hon. John Corbett O'Meara

MOTO DIESEL MEXICANA, S.A. de C.V.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FORUM NON CONVENIENS AND DENYING
DEFENDANT'S RULE 12 MOTIONS AS MOOT**

Before the court are four motions filed by Defendant, Moto Diesel Mexicana, S.A. de C.V. ("MDM"): three motions to dismiss pursuant to Rule 12, filed October 1, 2008, and a motion to dismiss pursuant to forum non conveniens, filed February 20, 2009. Each motion has been fully briefed. Pursuant to L.R. 7.1(e)(2) (E.D. Mich. 1998), the court did not hear oral argument and determined this matter on the briefs submitted.

**BACKGROUND FACTS**

Plaintiff Zions First National Bank is a national banking association with its principal place of business in Salt Lake City, Utah. Defendant Moto Diesel Mexicana, S.A. de C.V. ("MDM") is a Mexican company located in Aguascalientes, Mexico. Plaintiff alleges that in December 2007, MDM wrote eight checks payable to Zions Bank customer Casa de Cambio Majapara S.A. ("Majapara"), which is also located in Mexico. The MDM checks were drawn on its checking account at Comerica Bank in Detroit, Michigan. Majapara deposited the checks, which totaled $2 million, into its account at Zions Bank. Zions Bank sent the checks out for

collection to Comerica.  In the meantime, Zions Bank granted Majapara provisional credit for the checks; Majapara withdrew the full amount from its Zions Bank account.

Thereafter, Comerica returned the checks to Zions Bank unpaid because there were insufficient funds in MDM's account.  Majapara's account was left with an overdraft balance and Zions Bank suffered a loss in the amount of $2 million.  Unable to collect from Majapara, who has filed for bankruptcy, Zions Bank has filed a complaint against MDM as a holder in due course of the checks, as well as for conversion and *quantum valebant*.

## LAW AND ANALYSIS

MDM has filed several motions to dismiss, alleging that this court lacks personal jurisdiction, it was not properly served, Plaintiff has not stated a claim, and that Mexico is a more convenient forum.  Because the court concludes that this case should be dismissed on forum non conveniens grounds, it need not address Defendant's other motions.

The doctrine of forum non conveniens is essentially "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." American Dredging Co. v. Miller, 510 U.S. 443, 453 (1994).  The first step in the forum non conveniens analysis is establishing that an adequate alternative forum exists. Estate of Thomson v. Toyota Motor Corporation Worldwide, 545 F.3d 357, 364 (6th Cir. 2008) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n.22 (1981)).  "The second step requires a balance of private and public factors listed in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947), superseded on other grounds by 20 U.S.C. § 1404, to determine whether a trial in plaintiffs' chosen forum would be unnecessarily burdensome for the defendant or the court." Id.  The private Gulf Oil factors include:

> [The] relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Gulf Oil, 330 U.S. at 508.  The public factors include:

> [C]ourt congestion; the "local interest in having localized controversies decided at home;" the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft, 454 U.S. at 241 n.6 (quoting Gulf Oil, 330 U.S. at 509).  The decision to dismiss a case based upon forum non conveniens is within the sound discretion of the court.  See Thomson, 545 F.3d at 364 (noting that where a district court "has considered the relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference").

   Plaintiff contends that Mexico is not an adequate alternative forum because (1) it does not have a law similar to the UCC giving rights to a holder in due course; and (2) Plaintiff questions the "integrity" of the Mexican judicial system.  "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the benefits of an American court.  The substantive law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." Dtex LLC v. BBV Bancomer, S.A., 508 F.3d 785, 796 (5th Cir. 2007).

MDM submitted an expert opinion from a Mexican lawyer, Pablo Igartua Mendez Padilla, who opines that Zions can assert a holder in due course claim against MDM under Mexican law. Zions has submitted no evidence supporting its claim to the contrary. Zions has not shown that "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." Piper Aircraft, 454 U.S. at 254.

As to the integrity of the Mexican judicial system, Plaintiff contends that judicial corruption in Mexico is "well reported" and gives an example of the case Manez v. Bridgestone Firestone North American Tire LLC, 533 F.3d 578 (7th Cir. 2008), in which a Mexican judge was improperly influenced to dismiss the case for lack of jurisdiction after a U.S. court had dismissed it on forum non conveniens grounds. The court cannot extrapolate from this example that Mexico, as a whole, represents a clearly inadequate forum. Indeed, a number of courts have held that Mexico is an adequate forum, with no indication that it is inherently corrupt or otherwise inadequate. See Dtex, 508 F.3d at 796-97 (citing cases). Therefore, the court finds that Mexico is an adequate alternative forum.

The next step is for the court to balance the private and public interest factors. The private interest factors – access to sources of proof, location of witnesses – weigh in favor of Mexico. All of MDM and Majapara's witnesses are located there. Zions Bank's witnesses are in Utah, although they apparently have traveled to Mexico on business before. The parties have not identified any witnesses in Michigan, except perhaps a custodian of the records of Comerica Bank. MDM's bank records are in Michigan, although it should be a simple matter to transfer those records to Mexico; these records are likely in MDM's possession already as well. As a practical matter, all parties will need to travel to Michigan for trial if the case remains here,

which the court believes will be more logistically difficult and expensive than if the case were tried in Mexico.

The public factors also weigh in favor of Mexico. The court does not believe that court congestion – which is not burdensome in this district – weighs in favor of dismissal. However, this is not a "local" controversy – none of the parties are located here. The only connection to Michigan is that MDM bounced checks drawn on an account here. The parties have not addressed, if this action were brought in Mexico, whether the law of Mexico or Michigan would apply. Even if Michigan law were to apply, however, the court does not believe that this factor would outweigh the other private and public factors in favor of a Mexican forum. Finally, jury duty should not be imposed on the citizens of Michigan "in a case that is so slightly connected with this state." Dtex, 508 F.3d at 803.

Accordingly, the court will exercise its discretion in favor of dismissing this case on forum non conveniens grounds.

**ORDER**

IT IS HEREBY ORDERED that Defendant's February 20, 2009 motion to dismiss pursuant to forum non conveniens is GRANTED.

IT IS FURTHER ORDERED that Defendant's Rule 12 motions filed October 1, 2008, are DENIED AS MOOT.

s/John Corbett O'Meara
United States District Judge

Date:  April 1, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 1, 2009, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager